```
             UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Richard Coleman

    v.                                    Civil No. 12-cv-116-SM

State of New Hampshire et al.[1]

**REPORT AND RECOMMENDATION**

Richard Coleman has filed a complaint (doc. no. 1) pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights. The complaint, filed in forma pauperis, is before the court for preliminary review to determine whether it states any claim upon which relief might be granted. See 28 U.S.C. § 1915(e); United States District Court District of New Hampshire Local Rule 4.3(d)(1)(B).

**Standard for Preliminary Review**

Pursuant to LR 4.3(d)(1)(B) and 28 U.S.C. § 1915(e)(2), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints before defendants have an opportunity to respond to the claims. The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the

---

[1] The defendants named in the complaint (doc. no. 1) are: the State of New Hampshire, the New Hampshire State Police, and New Hampshire State Police Trooper Phoenix (first name unknown).

district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).  To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

### Discussion

I.   Theft of Dealer License Plate

Coleman alleges that in the fall of 2011, New Hampshire State Police ("NHSP") Trooper Phoenix arrested him for the theft

of a dealer license plate.  Coleman asserts that the arrest violated his Fourth Amendment right not to be subject to unreasonable seizure because Phoenix did not have probable cause to arrest him.

Coleman's complaint is replete with legal conclusions about Phoenix's alleged violations of the constitution and alleged falsification of evidence.  However, the facts Coleman specifically alleges, credited as true, demonstrate only that Phoenix, prior to arresting Coleman, did not listen to Coleman's side of the story or advise Coleman of all of the evidence of Coleman's guilt in Phoenix's possession.  Coleman's bald assertion that Phoenix must have falsified evidence is based not on additional facts, but on Coleman's belief that he was not guilty of the offense of theft of the license plate in question.

Coleman has failed to demonstrate that Phoenix acted improperly, much less that Phoenix's actions violated the constitution.  The claim asserted against Phoenix arising out of the prosecution for theft of a dealer license plate should be dismissed.

II.  Interference with Business

Coleman asserts that Phoenix came into Coleman's yard to tell Coleman that license plates on a car in his yard were attached illegally.  As Phoenix was leaving, Coleman claims that

Phoenix advised two potential customers not to have anything to do with Coleman. Coleman claims that this action violated his Fourth Amendment right to be secure in his property from improper searches and seizures, and his Fourteenth Amendment right not to be deprived of his property without due process.[2]

Coleman does not assert any facts that demonstrate that Phoenix's entrance onto his yard and comment about his license plate was in any way a seizure or improper search of his property. Accordingly, the Fourth Amendment claim arising out of this incident should be dismissed.

Further, Coleman does not state what property Phoenix deprived him of without due process. To the extent he seeks to assert a constitutional claim against Phoenix for making a derogatory comment about Coleman or for interfering with potential business, such claims do not assert a constitutional violation and should be dismissed.

III. Allegations Concerning James Dow

Coleman states that in July 2011, James Dow bought a car from Coleman with a bad check. Coleman asked Phoenix to assist him in resolving the matter, but Phoenix declined on the basis

---

[2] Coleman cites the Fifth Amendment, but his due process rights arise under the Fourteenth Amendment with respect to the conduct of a state agent, and Coleman's claim will be so construed.

that his dispute with Dow was a civil matter.  Coleman obtained a court order allowing the car to be repossessed, which it was.  When Dow threatened to take the car back, Coleman moved it to another town.  Coleman states that Phoenix located the car and notified Dow of its location.  Dow then took the car.

Coleman claims Phoenix's actions violated his Fourth Amendment right not to be subject to unreasonable search and seizure, and his Fourteenth Amendment right not to have his property taken without due process of law.  Coleman's conclusory statements are not supported by specific facts that would allow the court to conclude that Phoenix took any action to search or seize Coleman's property, or that Phoenix deprived Coleman of his property.  Even assuming it is true that Phoenix told Dow where the car was located, and that Phoenix knew the legal status of the car at the time (a fact not alleged in the complaint), Dow's theft of Coleman's property is not, without more, attributable to Phoenix.  The claims based on Coleman's dispute with Dow should be dismissed.

IV.  Allegations Concerning Tanya Han

Coleman alleges that a woman named Tanya Han, to whom he had loaned a car, failed to return the car as previously agreed.  Unable to resolve the issue with Han, Coleman sought a writ of replevin allowing him to repossess the car.  During the replevin

5

court proceedings, Han testified that Phoenix told her to stay away from Coleman, and that Coleman had recently been arrested, a fact Coleman presumes she learned from Phoenix. Coleman states that Phoenix, by saying those things to Han, assisted and conspired with Han in her efforts to steal Coleman's car. Even if Phoenix did make the statements alleged, such statements do not, in any event, render Phoenix responsible for any illegal act in which Han may have engaged, or violate Coleman's constitutional rights in any way. Accordingly, any claim Coleman intended to assert against Phoenix arising out of his dispute with Han should be dismissed.

V.  Failure to Assist in Prosecution

To the extent Coleman complains that Phoenix failed to assist him in retrieving his cars from Dow and Han, he has not asserted the violation of any constitutional right. There is no cause of action under § 1983 for the failure to prosecute a crime, as there is no federal constitutional right to have criminal wrongdoers brought to justice. See Leeke v. Timmerman, 454 U.S. 83, 87 (1981); Nieves-Ramos v. Gonzalez-De-Rodriguez, 737 F. Supp. 727, 728 (D.P.R. 1990) (citing Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")). Coleman cannot, therefore, state

a claim for a failure to prosecute someone, and that claim should be dismissed.

VI. State Defendants

Coleman names the State of New Hampshire and the New Hampshire State Police as defendants to this action. Suits brought pursuant to § 1983 against states and their agencies are barred by the Eleventh Amendment. See Bergemann v. R.I. Dep't of Envtl. Mgmt., 665 F.3d 336, 339 (1st Cir. 2011) (Eleventh Amendment generally shields non-consenting states from liability for damages in federal court); Fantini v. Salem State Coll., 557 F.3d 22, 33 (1st Cir. 2009) (neither state agency nor state official acting in his official capacity may be sued for damages in a § 1983 action). "[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." Va. Office for Prot. & Advocacy v. Stewart, 131 S. Ct. 1632, 1638 (2011). New Hampshire has not waived its immunity for damages claims in federal court, and Congress did not abrogate the state's Eleventh Amendment immunity through 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). The claims against the State and the State Police should therefore be dismissed.

**Conclusion**

For the reasons explained in the foregoing report and recommendation, this action should be dismissed in its entirety. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

September 7, 2012

cc: Richard Coleman, pro se

LBM:jba